IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAWN GARDNER                                                                                              PLAINTIFF

vs.                                              CIVIL NO. 06-5058

LINDA S. MCMAHON, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Dawn Gardner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act").

**Procedural Background:**

The application for DIB and SSI now before this court were filed on May 12, 2003, alleging an onset date of May 1, 2002, due to hip pain. (Tr. 53-55, 65, 232-234). An administrative hearing was held on May 4, 2004, after which, the ALJ submitted written interrogatories to a vocational expert ("VE"). (Tr. 110). A supplemental hearing was then held on November 11, 2005. (Tr. 276-293). Plaintiff was present and represented by counsel.

At the time of the first administrative hearing, plaintiff was twenty-six years old and possessed a tenth grade education. (Tr. 15, 215, 220). The ALJ could not determine whether plaintiff's past work (as an arcade attendant, front counter helper, assembly worker, and car hop) equated to past relevant work ("PRW") experience. (Tr. 15, 104, 106). As such, he proceeded as though she had no PRW.

On November 17, 2005, the Administrative Law Judge ("ALJ") issued a written decision finding that plaintiff's right sacroiliac ("SI") joint pain and spina bifida occulta were severe impairments. (Tr. 11-12). However, he concluded that these impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. After discrediting plaintiff's subjective allegations, he determined that plaintiff retained the residual functional capacity ("RFC") to lift ten pounds occasionally, less than ten pounds frequently, stand and walk for two hours during an eight-hour workday, and sit for six hours. Further, he concluded that plaintiff could occasionally balance but could not climb, stoop, crouch, kneel, or crawl and must avoid all exposure to heights and moving machinery. (Tr. 12). With the assistance of a vocational expert ("VE"), the ALJ determined that plaintiff could still perform work as a charge account clerk, call out operator, microfilm document preparer, lens inserter, final assembler, compact assembler, fishing-reel assembler, cashier II, cafeteria cashier, ticket seller, gas island cashier, parking lot cashier, auto carwash cashier, and toll collector. (Tr. 16).

On March 6, 2006, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned in the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the pertinent medical evidence reveals as follows. On June 22, 2002, plaintiff was treated by Dr. James Slezak for acute appendicitis. (Tr. 133-152). A laparoscopic

appendectomy was performed and revealed a ruptured corpus luteum cyst. Records indicate that plaintiff's postoperative convalescence was uncomplicated. She was released home on June 24, 2002. (Tr. 133).

On April 9, 2003, plaintiff was seen in the emergency room for complaints of pain in her right buttock that radiated into her hip. (Tr. 212). An x-ray of her hip was normal. (Tr. 215). Accordingly, she was prescribed Naprosyn for the pain. (Tr. 212).

On April 16, 2003, plaintiff saw Dr. H.G. Weems. (Tr. 216). She complained of hip and groin pain. An examination revealed mild tenderness with palpation in the region of the right buttock but Dr. Weems was unable to determine a specific tender point. He noted a full range of motion in the hip without pain, as well as intact motor strength. Dr. Weems diagnosed plaintiff with long-term right hip pain which was "fairly vague in nature." Although he was unsure of the exact cause of plaintiff's pain, he concluded that plaintiff was a candidate for an MRI. However, plaintiff reportedly did not have the money for the MRI and indicated she needed to speak to her husband before proceeding. (Tr. 216).

On August 29, 2003, a non-examining, consultative physician completed an RFC assessment. (Tr. 129). After reviewing plaintiff's medical records, the doctor concluded that plaintiff's physical impairment was non-severe. This determination was affirmed by a second consultative physician on October 21, 2003. (Tr. 129).

In December 2003, plaintiff was treated in the emergency room for an ear infection. (Tr. 154, 159). Records indicate that she was prescribed antibiotics and pain medication. (Tr. 154, 159).

On August 3, 2004, plaintiff underwent a consultative physical exam with Dr. Robert Thompson. (Tr. 225). Plaintiff complained of groin pain and pain in the sacroiliac joint area. She

reported taking occasional pain medication. Plaintiff also indicated that Ibuprofen occasionally helped reduce her pain. A physical examination revealed a normal range of motion in the hips and knees with pain referred to the right and left SI joints on lateral bending. Extension and lateral flexion of the lumbar spine were also limited. (Tr. 227). Further, x-rays revealed spina bifida occulta[1] and a possible slight anomalous appearance of the right SI joint. (Tr. 225). Therefore, Dr. Thompson diagnosed plaintiff with sacroiliitis of uncertain etiology. As plaintiff's x-rays did not reveal sclerotic changes, he stated that he could not diagnose her with Marie-Strumpell disease[2]. However, Dr. Thompson did recommend that plaintiff undergo either a bone scan or an MRI of both hips to try to determine the cause of her pain. (Tr. 225).

On November 19, 2004, Dr. Thompson completed a physical RFC assessment. He determined plaintiff could frequently lift up to ten pounds, rarely lift more than ten pounds, sit four hours in an eight hour day, stand for two hours during an eight hour day, and occasionally balance. (Tr. 230). However, he noted plaintiff could not climb, stoop, crouch, kneel or crawl. Dr. Thompson also indicated plaintiff would need to avoid all exposure to heights and moving machinery. (Tr. 230).

After reviewing this evidence, the ALJ concluded that plaintiff could lift ten pounds occasionally, less than ten pounds frequently, stand and walk for two hours during an eight-hour

---

[1]Spina bifida occulta is a form of spina bifida. *See* Mark R. Foster, M.D., *Spina Bifida*, *at* www.emedicinehealth. However, it oftentimes goes undetected because the skin covers the spinal deformity and associated abnormalities of the spinal cord and roots. *Id*.

[2]Marie-Strumpell or ankylosing spondylitis is a type of progressive arthritis that leads to chronic inflammation of the spine and SI joints. *See* Andrew A. Dahl, M. D., *Ankylosing Spodylitis, Opthalmologic Perspective*, *at* www.emedicinehealth.com.

workday, sit for six hours, occasionally balance, and never climb, stoop, crouch, kneel, or crawl. (Tr. 12). He also determined that plaintiff must avoid all exposure to heights and moving machinery. In so doing, the ALJ acknowledged that his findings regarding plaintiff's ability to sit varied from the rating provided by Dr. Thompson. He went on to state that Dr. Thompson's finding that plaintiff could sit no more than two hours during an eight-hour workday was not supported by any objective medical findings or tests. However, we note that the ALJ adopted Dr. Thompson's findings with regard to plaintiff's ability to lift and carry, stand and walk, balance, climb, stoop, crouch, kneel, crawl, and be exposed to heights and moving machinery. We are hard pressed to see how Dr. Thompson's finding with regard to plaintiff's ability to sit is not supported by objective medical evidence while his other findings are. Clearly, Dr. Thompson used the same x-ray results and findings from his physical examination to draw his conclusions concerning all of the limitations he assessed in his RFC assessment.

Aside from Dr. Thompson's assessment, there is also no additional medical evidence in the record to indicate plaintiff's limitations. While the record does contain one RFC assessment completed by a non-examining, consultative physician, this doctor concluded that plaintiff's impairment was non-severe. As such, this assessment is of no use to the ALJ. This leave the ALJ with only the RFC of Dr. Thompson. Because there is no evidence in the record to show that plaintiff is able to sit for more than two hours during an eight-hour workday, we believe that remand is necessary to allow the ALJ to revisit plaintiff's RFC. *Id*.

Further, we note Dr. Thompson recommended that plaintiff undergo further evaluation to consist of either a bone scan or an MRI. There is, however, no evidence in the record to indicate that plaintiff was ever sent for either of these procedures. In fact, there is no evidence whatsoever

to show that the ALJ ordered any additional evaluations of plaintiff. The ALJ does have a duty to fully develop the record regarding a claimant's impairments. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *Id.* The ALJ is also required to recontact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b). Given the fact that Dr. Thompson recommended that plaintiff undergo further evaluation to pinpoint the cause of her pain, we believe that remand is necessary to allow the ALJ to further develop the record in this regard.

These is also evidence to suggest that plaintiff might not have sought more consistent medical treatment due to a financial inability to do so. "Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that [s]he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (citing *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984). Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir.1992). Therefore, on remand, the ALJ is also directed to consider plaintiff's financial situation and what effect, if any, it has had on her ability to obtain medical treatment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore recommend that the denial of benefits to the plaintiff be reversed and this matter be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §

405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this day <u>7th</u> of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE